IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OSEBOR CLARK,<br><br>    Plaintiff,<br><br>    v.<br><br>THE FEDERAL GOVERNMENT OF NIGERIA,<br><br>    Defendant. | Civil Action No.: JRR-25-3061 |

**MEMORANDUM OPINION**

Plaintiff, who is incarcerated at North Branch Correctional Institution ("NBCI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted. The complaint (ECF 1) has been reviewed under the criteria set forth at 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, the complaint will be dismissed.

Plaintiff alleges that his father was a citizen of Nigeria who came to the United States as a student and "was shot to death by the San Diego Police department in 1979 in San Diego, Ca….during a hostage stand off." ECF 1 at 4-5. Plaintiff explains that he was not told his father was Nigerian until he was 12 and did not meet any Nigerian relatives until he was 19. *Id*. at 4. According to Plaintiff, the Nigerian government did not assist him or his mother, whom Plaintiff was convicted of killing. *Id*. at 4-5. He states that his "case is a claim of government neglect and emotional abuse." *Id*. He seeks from monetary damages and "reparations" from the Nigerian government, an investigation into his father's death, an apology, and Nigerian citizenship. *Id*. at 5-6.

Although Plaintiff does not expressly indicate the legal basis of his claim, the court liberally construes Plaintiff's complaint to pursue relief under 42 U.S.C. § 1983. At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). A defendant acts "under color of state law" when he "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Conduct of a foreign government and its officials "cannot constitute conduct under color of state law." *Gerritsen v. De la Madrif Hurtado*, 819 F. 2d 1511, 1515 (9th Cir. 1987); *Lewis v. Google, LLC* 461 F. Supp 3d 938, 956 (N.D. Ca. 2020). As such, Plaintiff cannot state a § 1983 claim against Defendant Federal Government of Nigeria.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the court to conduct an initial screening of this complaint. The court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Based on law applicable to § 1983 actions, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the court will dismiss the complaint without prejudice.

Plaintiff is advised that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice

for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 590 U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

Accordingly, by separate order, the complaint is dismissed for failure to state a claim.

September 25, 2025                                    /S/

                                                    _____
                                                    Julie R. Rubin
                                                    United States District Judge